In the

# United States Court of Appeals
## For the Seventh Circuit
_____

No. 07-1924

ANDREW M. OBRIECHT,

*Plaintiff-Appellant,*

*v.*

RICK RAEMISCH, Secretary of
the Wisconsin Department of
Corrections, MATTHEW J. FRANK,
in his individual capacity,
BYRON BARTOW, CHONA ARONG, *et al.*,[Œ]

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 05 C 1171—**J.P. Stadtmueller**, *Judge.*

_____

SUBMITTED DECEMBER 19, 2007[ŒŒ]—DECIDED FEBRUARY 22, 2008

_____

[Œ] Rick Raemisch has been substituted for his predecessor, Matthew J. Frank, as Secretary of the Wisconsin Department of Corrections. *See* Fed. R. App. P. 43(c). Matthew J. Frank remains a defendant in his individual capacity, and we have revised the caption accordingly.

[ŒŒ] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Before RIPPLE, MANION and WOOD, *Circuit Judges*.

RIPPLE, *Circuit Judge.*    Andrew Matthew Obriecht, a Wisconsin prisoner, brought this action against various employees and officers (collectively the "prison officials") of the Wisconsin Resource Center ("WRC"), the Wisconsin mental health facility in which he was committed, and the Wisconsin Department of Corrections ("WDOC"). He alleged that he was denied procedural due process when he was transferred to the WRC and when he was forced to take psychotropic medications. The district court granted summary judgment to the prison officials; it held that Mr. Obriecht had failed to exhaust his administrative remedies. For the reasons set forth in this opinion, we affirm the judgment of the district court.

# I

## BACKGROUND

Prior to 2003, Mr. Obriecht was held in a privately operated correctional facility in Minnesota under the auspices of the WDOC. In March 2003, at the recommendation of a psychiatrist, Mr. Obriecht was transferred to the WRC. Between June 2003 and March 2004, while at the WRC, Mr. Obriecht involuntarily was medicated. In March 2004, Mr. Obriecht again was transferred, this time to Fox Lake Correctional Institution, a Wisconsin prison. When a program review committee at Fox Lake met in July 2004 to discuss Mr. Obreicht, a social worker recommended that Mr. Obriecht be returned to the WRC. This social worker based the recommendation on a physician's report that Mr. Obriecht was hallucinating and delusional. The program review committee then approved Mr. Obriecht's second transfer to the WRC, and that

transfer occurred in July 2004. While at the WRC, Mr. Obriecht again involuntarily was medicated for about three weeks.

DOC regulations provide an administrative review system for inmate complaints ("ICRS"). *See* Wis. Admin. Code §§ DOC 310.01-18. An inmate initiates the ICRS review process by filing an offender complaint with the Inmate Complaint Examiner. *See* Wis. Admin. Code §§ DOC 310.04, DOC 310.11. Here, the defendant prison officials contend that, although Mr. Obriecht did file an offender complaint about the substantive decision to transfer him to the WRC, he never complained about the procedure used in making the decision to transfer him. Mr. Obriecht asserts that he filed a separate offender complaint on that issue but that it was ignored.[1] Additionally, the prison officials maintain that Mr. Obriecht never filed any offender complaints about forced medication. Mr. Obriecht again contends that he did, but that the complaints were ignored.

In November 2005, Mr. Obriecht brought this section 1983 action. He challenges, among other issues not raised on appeal, the procedures used to transfer him to the WRC and the forced administration of psychotropic

---

[1] Mr. Obriecht does not contend that his offender complaint challenging the substance of the decision to transfer him also included a challenge to the procedures used to transfer him. In any event, Mr. Obriecht did not administratively appeal its denial, and therefore, even if that complaint did include a procedural challenge, Mr. Obriecht would not have exhausted his administrative remedies as to that claim.

medicine.[2] After the district court had screened his complaint under 28 U.S.C. § 1915A, Mr. Obriecht moved for a temporary restraining order and preliminary injunction. The prison officials cross-moved for summary judgment, contending that Mr. Obriecht had failed to exhaust his administrative remedies. The district court denied Mr. Obreicht's motion and awarded summary judgment to the prison officials. It concluded that Mr. Obriecht had not exhausted his administrative remedies because he had not filed any administrative complaints about the procedures used to transfer him or about the forced use of psychotropic medication.

In January 2007, within ten days of the order granting summary judgment, Mr. Obriecht moved for reconsideration under Federal Rule of Civil Procedure 60(b).[3] In support of the motion, Mr. Obriecht submitted an affidavit and two offender complaints that he claimed to

---

[2] Neither the record nor the district court's order screening Mr. Obriecht's complaint definitively identifies the particular transfer to the WRC and the specific round of medication Mr. Obriecht challenges. However, we shall read broadly Mr. Obriecht's pro se complaint and assume that he challenges both transfers to the WRC and both periods of involuntary medication. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that pro se complaints drafted by prisoners are not held to the same standards as pleadings drafted by lawyers); *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006) (holding that courts are obliged to construe pro se complaints liberally).

[3] Although the order granting summary judgment was issued December 26, 2006, and Mr. Obreicht did not file his motion until January 10, 2007, exclusion of Saturdays, Sundays and New Year's Day results in Mr. Obriecht's motion being filed on the tenth day after entry of judgment. *See* Fed. R. Civ. P. 6(a).

have filed in 2003 in order to challenge his first transfer to the WRC and his subsequent forced medication. These offender complaints do not have an assigned number and do not show whether they were received by WRC staff.

The district court denied the motion. In its view, the motion failed to meet any of the appropriate Rule 60(b) grounds. In any event, ruled the district court, Rule 60(b) is not an appropriate vehicle to introduce new evidence that could have been introduced before the district court granted summary judgment. Mr. Obriecht then filed a second Rule 60(b) motion that also was denied.

## II

## DISCUSSION

We review de novo a district court's determination that an exhaustion requirement has not been met; we also review de novo a grant of summary judgment. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006). Failure to exhaust administrative remedies is an affirmative defense, and consequently, the burden of proof is on the prison officials. *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). We review for an abuse of discretion a district court's denial of a motion for relief under either Federal Rule of Civil Procedure 59(e) or 60(b). *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

## A.

Prisoners must exhaust available administrative remedies before filing a claim under section 1983. 42 U.S.C. § 1997e(a); *see Booth v. Churner*, 532 U.S. 731, 740-41 (2001).

Exhaustion is required even if the prisoner believes his efforts in securing relief will be futile, *Booth*, 532 U.S. at 741 n.6, or if the administrative authority has no power to grant the requested relief, *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006).

Mr. Obriecht submits that, in granting summary judgment to the prison officials, the district court ignored evidence that he had exhausted his administrative remedies. The record, however, does not support Mr. Obriecht's position. Mr. Obriecht did not dispute the prison officials' proposed finding of fact that he had not submitted any offender complaints challenging the procedures used to transfer him. Mr. Obriecht also did not dispute that he had failed to file any complaint about forced medication. On appeal, however, he now insists that he did exhaust his remedies and invites our attention to his brief opposing summary judgment, his supplemental affidavit and the purported offender complaints for support.

The conclusory arguments in Mr. Obriecht's brief opposing summary judgment were not supported by admissible evidence. As for the purported offender complaints and affidavit, Mr. Obriecht submitted them only *after* the district court had granted summary judgment to the prison officials. Thus, the district court did not err in concluding, on the record before it, that Mr. Obriecht had failed to file any offender complaints regarding the procedures used to transfer him and his forced medication.

Mr. Obriecht also contends, with regard to his forced medication claim, that his failure to exhaust should be

excused because he was afforded constitutionally inadequate access to legal materials. Mr. Obriecht never raised this argument in the district court and, as a result, it is forfeited on appeal. *United States v. Griffin*, 194 F.3d 808, 824 (7th Cir. 1999).

The district court's grant of summary judgment must stand.

**B.**

Mr. Obriecht maintains that the district court erred in analyzing his first motion to reconsider under Rule 60(b) rather than under Rule 59(e). Mr. Obriecht is correct on this point. The district court should have read broadly his pro se filing. *Kaba*, 458 F.3d at 681. Moreover, it is the substance, rather than the form, of a post-judgment motion that determines the rule under which it should be analyzed. *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) (collecting authority).

Before 1993, a motion under Federal Rule of Civil Procedure 59(e) tolled the time for filing an appeal, but a motion under Rule 60(b) did not. *See Jennings v. Rivers*, 394 F.3d 850, 855 n.4 (10th Cir. 2005). Thus, an appeal from the denial of a motion under Rule 59(e) encompassed review of the underlying judgment, but an appeal from the denial of a Rule 60(b) motion did not, of its own force, allow for appellate review of the underlying judgment. *Id.* In the interest of avoiding disputes over appealability, we generally construed any post-judgment motion filed within 10 days of the entry of judgment as a motion under Rule 59(e). *See, e.g., Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993).

The 1993 addition of Federal Rule of Appellate Procedure 4(a)(4)(F)[4] provided that a Rule 60(b) motion filed within 10 days of the entry of judgment also tolled the time for filing an appeal, eliminating the need to characterize post-judgment motions according to their timing.

Recently, in *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006), we clarified that whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it. Therefore, the former approach—that, no matter what their substance, all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions—no longer applies. In short, motions are to be analyzed according to their terms. *Id.* When the substance and label of a post-judgment motion filed within 10 days of judgment are not in accord, district courts should evaluate it "based on the reasons expressed by the movant." *Jennings*, 394 F.3d at 855. Neither the timing of the motion, nor its label (especially when drafted by a pro se litigant), is dispositive with respect to the appropriate characterization of the motion. *Id.*

Mr. Obriecht based his motion for reconsideration on errors of law, a basis encompassed by Rule 59(e), not Rule 60(b). The district court therefore should have treated Mr. Obriecht's motion as one under Rule 59(e). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (noting that Rule 59(e) encompasses reconsideration of matters decided on the merits); *United States v. Antonelli*,

---

[4] This rule is now codified at Federal Rule of Appellate Procedure 4(a)(4)(A)(vi).

371 F.3d 360, 361 (7th Cir. 2004) (explaining that courts should look to the substance, not the label, of a pro se filing to determine its character).

Nevertheless, even construing his motion as a motion under Rule 59(e), Mr. Obriecht cannot prevail. Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence. *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). Because the district court correctly granted summary judgment to the prison officials based on Mr. Obriecht's failure to exhaust his administrative remedies, he cannot show a manifest error of law. As for the new evidence, motions under Rule 59(e) cannot be used to present evidence that could have been presented before judgment was entered. *Id*. at 512. If Mr. Obriecht really did file the offender complaints when he says he did, then he could have—and should have—presented them to the district court before it rendered judgment. Mr. Obriecht offers no reason why he could not have done so. We therefore conclude that the district court did not abuse its discretion in denying Mr. Obriecht's motion.

## Conclusion

For the forgoing reasons, the judgment of the district court is affirmed.

AFFIRMED