NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 21, 2008[*]
Decided August 21, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-1251

| | |
|---|---|
| DARRIN GRUENBERG, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 06-C-0256 |
| TIMOTHY LUNDQUIST, et al., | |
| *Defendants-Appellees.* | C. N. Clevert, Jr., |
| | *Judge.* |

**O R D E R**

Wisconsin inmate Darrin Gruenberg brought this civil-rights suit against various Wisconsin officials claiming that they were deliberately indifferent to his mental-health needs when they refused to transfer him to the Wisconsin Resource Center (WRC). *See* 42 U.S.C. § 1983. The district court granted summary judgment in favor of the defendants and

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

dismissed the case, finding that Gruenberg had not exhausted the Wisconsin prison system's administrative remedies.  We affirm.

As the district court noted, Gruenberg's "proposed findings of fact" were filed too late and failed to include citations to the record, as required by Eastern District of Wisconsin Civil Local Rule 56.2(b).  Because Gruenberg did not comply with the rule, the court properly disregarded his proposed findings.  *See* E.D. WIS. CIV. L.R. 56.2(e); *Fabriko Acquisition Corp. v. Prokos*, No. 06-3889, 2008 WL 2894376, at *2 (July 29, 2008); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (pro se civil litigants required to follow procedural rules).  The court, however, considered the admissible evidence Gruenberg submitted; so, we also take the facts from the defendants' proposed findings of fact and from Gruenberg's admissible evidence.

WRC is operated by Wisconsin's Department of Health and Family Services to provide supervision, treatment, and programming for inmates who need "extensive mental health services."  For an inmate to gain admission to WRC, first the psychological supervisor at the inmate's prison must submit a formal request, and then WRC's officials review the request and decide whether to accept the inmate.

From October 2002 until December 2003, Gruenberg was incarcerated at WRC to participate in an anger-management program.  While at WRC Gruenberg resisted treatment, lied to the staff, got into fights, and was generally uncooperative.  The Department of Corrections's program review committee, which annually evaluates each inmate to determine whether the inmate should be transferred to a different facility, *see* WIS. ADMIN. CODE § DOC 302.15, determined that Gruenberg's "conduct has become a barrier to benefitting from programming."  Based on the committee's recommendation, the Department of Corrections transferred Gruenberg to the Green Bay Correctional Institution, where guards could monitor him more closely.  The committee provided Gruenberg with a written decision and notified him of his right to appeal to the director of the Bureau of Offender Classification and Movement, *see* WIS. ADMIN. CODE §§ DOC 302.03(8), DOC 302.18, but Gruenberg did not challenge the decision.

From December 2003 until he brought this suit in March 2006, Gruenberg made it his mission to gain readmission to WRC, or so he told his psychologists.  His medical records show that he cut himself repeatedly with shards of glass and plastic, bit himself, threatened to commit suicide, and had problems controlling his behavior.   He was examined many times by three psychologists at two prisons.  They agreed that Gruenberg had problems controlling his conduct and that he was obsessed with his plan to get readmitted to WRC, and they all concluded, however, that he did not suffer from a mental

illness. Despite the unsupported statements to the contrary in Gruenberg's verified complaint and affidavit, there is no evidence that any psychologist recommended, formally or informally, that he be admitted to WRC.

Still Gruenberg persevered. He sent at least two letters to the admissions director of WRC requesting to be readmitted. The center responded that it does not accept informal requests for admittance and that only the staff at the prison where the inmate is housed can submit a formal application. In April 2005 Gruenberg attended a periodic review with the program review committee and requested a transfer to WRC. The committee denied the request and instead recommended transfer to different facility. The committee gave him a copy of its decision and informed him of his right to appeal, but he did not do so. In July 2005 Gruenberg submitted a complaint requesting a transfer to WRC, but the inmate complaint examiner rejected it explaining that decisions about transfers are outside the scope of the inmate complaint review process.

Gruenberg then filed suit alleging that staff at WRC and the Department of Health and Family Services knew that he was experiencing "acute psychological problems" that could be treated only at WRC but ignored his pleas to be admitted. The parties conducted discovery and the state officials moved for summary judgment, arguing that Gruenberg had failed to exhaust his administrative remedies and that, in any event, he had not put forward sufficient evidence that they were deliberately indifferent to a serious medical need. The district court granted the motion, holding that Gruenberg had not exhausted his administrative remedies because he did not appeal the determinations of the program review committee first recommending a transfer out of WRC and then rejecting his request to be transferred back. We review de novo both a district court's decision to grant summary judgment and its conclusion that a plaintiff has failed to exhaust administrative remedies. *See Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

Gruenberg argues that there was no procedure for him to request a transfer to WRC and thus that there were no available administrative remedies for him to exhaust. A prisoner must exhaust all available administrative remedies before he can bring a civil-rights action in federal court challenging any aspect of prison life. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Obriecht*, 517 F.3d at 492. A remedy is available so long as an administrative procedure can lead to some relief, even if it is not the precise relief the inmate wants. *See Booth v. Churner*, 532 U.S. 731, 741 & n.6 (2001); *Larkin v. Galloway*, 266 F.3d 718, 723 (7th Cir. 2001). So, if the Department of Corrections can take some action in response to an inmate's complaint, then the inmate is required to follow the department's procedures before he runs to court. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Gruenberg explains that he did not appeal the two decisions he received from the program review committee because neither the committee nor the director of the Bureau of Offender Classification and Movement has the authority to grant him admission to WRC. He might be right about the limitation on their authority; the state officials admitted in their proposed findings of fact that the *only* way for an inmate to secure a transfer to WRC is for a psychologist to recommend the transfer and then for WRC accept the inmate. But still his argument fails because, even if the committee and the director could not have secured him a place at WRC, they could have placed him in a special program or recommended transfer to a different facility to accommodate his mental-health needs. *See* WIS. ADMIN. CODE §§ 302.15; 302.17(6); *see, e.g.*, Department of Corrections, Division of Adult Institutions, *Racine Correctional Institution Annual Report 2006-2007*, at 20-21, 25-26, available at http://www.wi-doc.com/index_adult.htm (describing several anger-management and other behavior-modification programs and psychological services available at one prison). Furthermore, if he was unhappy with the mental-health treatment he was receiving, he could have filed a complaint with the inmate complaint examiner explaining why he believed his care was inadequate. *See* WIS. ADMIN. CODE § 310.08. And although a successful complaint may not have led to a transfer to WRC, it still could have required officials to provide Gruenberg with better mental-health care. *See Larkin*, 266 F.3d at 723 (inmate must exhaust all administrative procedures even if they "cannot provide the only relief that the prisoner is seeking"). Because the Department of Corrections's administrative procedures could have provided Gruenberg with more extensive mental-health treatment or programming, his failure to exhaust them dooms his claim.

AFFIRMED.