NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted December 4, 2008[*]
Decided December 9, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-2519

| | |
|---|---|
| AHMAD BISHAWI, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 02 CV-958-PMF |
| | |
| GRW CORPORATION, ET AL., | Philip M. Frazier, |
| *Defendants-Appellees.* | *Magistrate Judge.* |

**O R D E R**

Federal prisoner Ahmad Bishawi sued GRW Corporation (the private operator of the Tri-County Detention Center in Ullin, Illinois) and three prison employees, claiming that a prison guard repeatedly kicked him, shackled him, and continued to knee him in the back for twenty minutes.  Bishawi filed a federal complaint alleging battery or excessive force; common law assault; and negligence.  At a bench trial, the magistrate judge ruled for the

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary.  Thus, the appeals are submitted on the briefs and the records.  *See* FED. R. APP. P. 34(a)(2).

defendants, concluding that Bishawi had not established any of his claims by a preponderance of the evidence.  On appeal, Bishawi asserts that the judge wrongly denied his discovery motions, unconstitutionally prevented him from attending his trial in person, and failed to rule on one of his claims.  Bishawi also argues that his lawyer in this civil action was ineffective.  We affirm.

Bishawi's claims centered on an encounter he had with a prison guard at the Tri-County Detention Center.  The guard, a Sergeant Evers, entered Bishawi's "pod" to escort another inmate out.  Bishawi tried to stop Evers from leaving and blocked the door; he then demanded that Evers address his pending transfer requests or allow him to speak to a supervisor.  Bishawi says that Evers then kicked him in the leg with steel-toed boots, shoved him to the floor, shackled him with the help of two other officers, kicked him, and continuously kneed him in the back.

After filing his suit, Bishawi was moved to a federal prison in Youngstown, Ohio. He sought a writ of habeas corpus ad testificandum so that he could attend his trial in Illinois, but the magistrate judge denied the request out of concern for the cost to the Bureau of Prisons.

A bench trial was held, and the magistrate judge ruled for the defendants on all counts.  With regard to the excessive force claim, the judge found that the officers were justified in their efforts to restore order and that Bishawi's account of the assault lacked "support, logic, and credibility."  As for the claim of common law assualt, the judge ruled that Evers had legal authority to do everything that Bishawi had described.  The judge also determined that Bishawi could not prove any of the elements for negligence.  Bishawi later filed a post-judgment motion, which the judge also denied.

On appeal, Bishawi first claims that the magistrate judge erred by denying various discovery requests.  In only general terms, he recounts difficulties he experienced as a pro se litigant in investigating his case, compelling production of documents from jail administrators, and enforcing subpoenas to obtain other records and documents.  Bishawi, however, does not specify how the judge abused his discretion, *see Walker v. Sheahan*, 526 F.3d 973, 977-78 (7th Cir. 2008), in denying the various motions to compel or rejecting the subpoenas.  The judge denied his motions for violating certification requirements, for being filed before the defendants were served, or for being broad and overly burdensome.  At one point, the judge even provided Bishawi with blank subpoena forms on which to redraft his motions, but had to reject the redrafted requests because they did not specify a time period or sought material beyond the scope of litigation.  Bishawi has not shown any abuse of discretion.

Bishawi relatedly argues that the judge abused his discretion in denying his motion during the discovery stage to have counsel appointed.  Even though the judge later reconsidered and granted the motion, Bishawi asserts that the earlier denial caused him to miss out on helpful information at discovery that counsel would have been able to obtain.  But the judge acted within his discretion in denying the motion because he determined that Bishawi's claim was not complex and that Bishawi could effectively carry out discovery on his own.  *See Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc).  In any event, Bishawi received the benefit of counsel once his claim headed to trial.

Bishawi next argues that the magistrate judge erred in denying his request to appear at his out-of-state trial.  Bishawi asserts that excluding him from his trial violated his rights to due process and equal protection.  However, the civil, not criminal, nature of Bishawi's trial is significant.  Although due process proscribes the denial of access to the courts, an inmate does not have a constitutional right to attend the jury trial of his civil rights suit challenging the conditions of his confinement.  *Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005).  In assessing an inmate's request to attend a civil action, the trial court must weigh the inmate plaintiff's interest "in presenting his testimony in person against the interest of the state in maintaining the confinement of the plaintiff-prisoner."  *Id.* (internal quotation omitted); *see Jones v. Hamelman*, 869 F.2d 1023, 1030 (7th Cir. 1989).  Here, the magistrate judge noted the costs to the Bureau of Prisons for transporting Bishawi to Illinois from the Ohio prison, and weighed that consideration against the strong performance of Bishawi's appointed counsel and the fact that the BOP had arranged for Bishawi's deposition to be taken.  The judge's balancing of these interests in denying the writ reflects no abuse of discretion.

Bishawi next contends that the magistrate judge failed to rule on his battery claim.  However, Bishawi misreads the court's ruling.  The judge ruled that Bishawi presented no credible evidence of "any real harm or injury" and that Evers was "justified in using reasonable force."  Even though the judge did not use the word "battery" in his order, his analysis sufficiently addressed the elements of the claim.  *See* 720 ILCS 5/12-3(a) ("A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.").

Bishawi also claims that appointed counsel was ineffective for, among other things, failing to introduce medical evidence of his injury; failing to secure the testimony of several former prisoners in the area or introduce their affidavits at trial; and questioning only one eyewitness at trial – and for a period of only twelve minutes.  Bishawi's negative assessment, however, is implausible; the magistrate judge observed that in twenty years, he had not seen "an appointed counsel better prepared and presenting his client's case in a

better light than [he] presented Mr. Bishawi."  In any event there is no Sixth Amendment right to effective assistance of counsel in a civil case.  *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001).  The proper remedy for legal malpractice in a civil case is a malpractice action against the offending attorney, not a remand for a new trial.  *Id.*

Finally, Bishawi asserts that the magistrate judge abused his discretion in denying his post-judgment motion to reconsider.  His motion essentially recited various facts he believed the judge overlooked or misunderstood (for example the judge erroneously stated that Bishawi was an INS detainee) and alleged that there was new evidence showing that appointed counsel had colluded with the defendants to impede efforts at discovery.  We find no abuse of discretion in the judge's determination that there was no manifest error of law or that Bishawi's additional submissions do not qualify as newly discovered evidence. *See Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

AFFIRMED.