NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 1, 2009[*]
Decided May 1, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2785

| | |
|---|---|
| EDDIE BELL, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 06 C 4069 |
| MICHAEL REUSCH, et al., | |
| *Defendants-Appellees.* | Marvin E. Aspen, *Judge*. |

## O R D E R

Eddie Bell claims in this civil-rights action that three guards at the Metropolitan Correctional Center in Chicago failed to protect him from an attack by his cellmate. The district court granted summary judgement for the guards on the ground that Bell had failed to exhaust his administrative remedies before filing suit. We affirm the judgment.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

On December 15, 2004, Bell's cellmate at the MCC became combative and began jumping on the toilet. The three defendants quickly arrived at the cell but were waiting outside for additional backup when the other inmate charged Bell and bit his thumb. At that point the defendants entered and subdued the assailant. Bell's wound was treated promptly. After this incident Bell remained at the MCC until 2008, except for a four-month period beginning on January 28, 2005, and another shorter absence later that year.

Bell filed suit in September 2006 complaining solely about the defendants' failure to enter his cell sooner and prevent the attack. The guards moved for summary judgment on two bases: Bell had not exhausted his administrative remedies and, even if he did, their inability to prevent the assault did not rise to the level of deliberate indifference. The guards identified the formal grievances shown by prison records to have been submitted by Bell since the beginning of December 2004. No record of a grievance filed in December 2004 or January 2005 was located. Bell did submit a grievance in 2006 about the attack and appealed it through the final level. But that grievance was rejected as untimely, and although the submission refers to a prior grievance that Bell said was never answered, the defendants noted that he had "failed to produce any evidence of this administrative claim or even explain which individuals the complaint was against or what was the specific problems with their actions or inactions." Bell opposed the defendants' motion but did not submit any evidence of his own.

In granting summary judgment for the defendants, the district court declined to reach the merits after concluding from the undisputed evidence that Bell had not submitted a timely grievance challenging the December 2004 incident. The court reasoned that the grievance Bell filed in 2006 did not suffice to exhaust his administrative remedies because that grievance was rejected as untimely without consideration of the merits. And even if Bell had filed a prior grievance that was never answered, the court continued, Bell did not fully exhaust that earlier submission because he should have appealed the lack of a response when it became overdue in 2005 instead of waiting until 2006 to take action.

In this court Bell accepts that his 2006 grievance was untimely and, therefore, ineffectual to satisfy the exhaustion requirement. He argues, however, that he exhausted by filing a grievance that went unanswered. Failure to exhaust is an affirmative defense that must be established by the defendants, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), but like any issue the question may be resolved at summary judgment if the material facts are not in dispute, *see Obriecht v. Raemisch*, 517 F.3d 489, 492-93 (7th Cir. 2008). Our review is de novo. *See Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006).

The defendants met their burden in this case.  As a precondition to filing suit, Bell was obligated to exhaust his available administrative remedies in the manner and time prescribed by MCC guidelines.  *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002).  Bell had 20 days from the December 15 attack to attempt an informal resolution with staff and, if unsuccessful, to file a grievance with the warden.  *See* 28 C.F.R. § 542.14(a).  Thus, he needed to act by January 4. Bell mentions in his untimely 2006 grievance that he first submitted a grievance about the assault before his temporary transfer on January 28, 2005, but at summary judgment he produced no evidence—not even his own affidavit—to back up that assertion.  He never submitted, for example, a copy of an earlier grievance or even a description of its contents. Nor has he ever averred that he submitted the first grievance, if there was one, by the January 4 deadline, so we have no basis to conclude that the first grievance was any more timely than the one filed in 2006.  Accordingly, it is undisputed that Bell did not file a grievance within the time allotted by prison regulations, and that procedural default renders his administrative remedies unexhausted and his federal suit effectively barred.  *See Pozo*, 286 F.3d at 1025.

We add, however, that exhaustion would have done Bell no good.  He could not prevail on a deliberate-indifference claim without proving that the defendants were subjectively aware that his cellmate posed a substantial threat yet failed to take reasonable measures to prevent the assault.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1996); *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004).  But Bell produced no evidence that any of the defendants knew that his cellmate posed a threat when they put him in the cell.  *See Guzman v. Sheahan*, 495 F.3d 852, 857-58 (7th Cir. 2007); *Fisher v. Lovejoy*, 414 F.3d 659, 663-64 (7th Cir. 2005).  And once the cellmate began acting up, the defendants responded promptly.  Guards are not required to put themselves at risk to break up fight between inmates and may wait for backup before intervening.  *See Guzman*, 495 F.3d at 858; *Peate v. McCann*, 294 F.3d 879, 883 (7th Cir. 2002).  The defendants entered the cell as soon as Bell was physically attacked, even before backup arrived.  Their response was reasonable, and thus we also agree with the defendants' alternative argument that their actions did not violate Bell's rights under the Eighth Amendment.

AFFIRMED.