**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 12, 2010[*]
Decided May 13, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-1768

| | |
|---|---|
| JESSIE MCSWAIN and ANN WATKINS-MCSWAIN on behalf of the estate of CHRISTOPHER MCSWAIN, <br> *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-C-157 |
| BELINDA SCHRUBBE and PAUL SUMNICHT, <br> *Defendants-Appellees*. | William C. Griesbach, <br> *Judge*. |

**O R D E R**

Christopher McSwain sued Dr. Paul Sumnicht and nurse Belinda Schrubbe, medical providers with the Wisconsin Department of Corrections, under 42 U.S.C. § 1983, alleging that they were deliberately indifferent to his foot injury in violation of his rights under the

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Eight Amendment.[1]  The district court granted the defendants' motion for summary judgment.  We affirm the decision of the district court.

Because McSwain failed to respond to the defendants' motion for summary judgment, the district court accepted their version of events, *see* FED. R. CIV. P. 56(e)(2); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003), and we recount the facts as they presented them while construing reasonable inferences in McSwain's favor.  Sometime before he was incarcerated, McSwain stepped on a nail and punctured his right plantar fascia (the connective tissue on the bottom of the foot).  As a result of this injury, at times portions of his muscle protruded through the hole created by the nail.  Over the years McSwain received repeated treatment and surgery for this issue.  In one surgery, doctors placed a skin graft over the hole to prevent future muscle herniation.  Unfortunately the graft never fully healed and it left McSwain—who also suffered from poorly controlled diabetes—with a risk of severe infection.

In December 2007, while incarcerated, McSwain complained of foot pain and began receiving care from Dr. Sumnicht and nurse Schrubbe.  During his first two consultations Dr. Sumnicht examined McSwain and observed that the graft had not healed properly and that a bulge had formed in the bottom of his foot.  Dr. Sumnicht believed the bulge was a pocket of fluid that could cause infection, so he punctured and attempted to drain it.  In the process, he observed that portions of McSwain's foot suffered from a restricted blood supply and that the area posed a significant risk of infection.  Dr. Sumnicht also observed that McSwain was sensitive to pain and recommended that he be seen by an outside specialist.  After Dr. Sumnicht's attempt to drain the area, nurse Schrubbe checked in with McSwain almost daily, assessing the nature of the wound and changing his dressing.

In January 2008, McSwain saw a specialist at the University of Wisconsin.  The specialist concluded that there was no infection but recommended a consultation and follow-up care.  Over the course of next the two months, doctors determined that if the wound did not heal his risk of infection would increase, and that if he developed uncontrolled infection he was at risk of losing his foot.  In response to these concerns, doctors used an MRI and a bone scan to test for infection in his bones.  After these tests, McSwain was sent to an outside facility for surgery.  An orthopedic specialist removed infected tissue and placed McSwain on a device that provided continuous suction so that the wound would heal properly.  By the end of March 2008, the wound had closed, and

---

[1]  A third defendant, Dr. Jill Migon, was originally named in McSwain's complaint, but the district court dismissed all claims against her.  McSwain did not appeal that decision, so Migon is not a party here.

although McSwain appeared to be infection free, he was unable to bear weight on his foot. After a month of recovery time in the clinic, McSwain returned to the correctional facility in April 2008.

McSwain's administrative grievance protested the treatment that he received in January 2008 by explaining that he was in pain and that he was not receiving adequate care from the health services unit. A complaint examiner from the Department of Corrections rejected McSwain's complaint because it was too vague but gave him an opportunity to appeal that decision or refile his complaint. It appears McSwain never heeded this instruction, however, and he instead filed his suit under § 1983 with the district court. The court later granted the defendant's unopposed motion for summary judgment, reasoning that McSwain had not exhausted his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and that even if he had exhausted his remedies, McSwain had failed to establish that Dr. Sumnicht and nurse Schrubbe were deliberately indifferent to his foot pain.

Before proceeding with our review, we note that McSwain passed away after his appeal was briefed, and we therefore must address the threshold question whether his parents may proceed with this case. First, we note that McSwain's § 1983 claim is analogous to a Wisconsin tort action for "injuries to the person," and because those claims survive, *see* WIS. STAT. § 895.01(1), so too would McSwain's § 1983 claim of deliberate indifference. *See Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 898 (7th Cir. 1997). Although the claim survives, it belongs to McSwain's estate. *Id.* And because, unlike pro se litigants, administrators of estates act not as individuals but on behalf of all beneficiaries, they may not represent the estate pro se unless they are the sole beneficiaries. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007). Here, the death certificate and statement filed by the parents do not reflect any survivors other than the parents themselves, making them the sole heirs under Wisconsin's rules of intestate succession. WIS. STAT. § 852.01(1)(c). Accordingly the parents may be substituted into this case and may proceed pro se. (Because McSwain himself wrote the briefs and framed the arguments, we will continue to use his name in this order.)

On appeal McSwain challenges the district court's findings on both exhaustion and deliberate indifference. Reviewing both decisions de novo, *see Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006), we conclude that the district court was correct in each instance and that summary judgment was therefore appropriate.

First, the defendants established that McSwain did not exhaust his administrative remedies, as required by § 1997e(a). *See Kaba*, 458 F.3d at 681. Section 1997e(a) requires prisoners to exhaust their administrative remedies before filing a federal claim under

§ 1983, *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008), and we have adopted a "strict compliance approach" to this requirement, *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Specifically, we have held that state prisoners must comply with the procedures and standards imposed by the applicable state (in this case Wisconsin). *See Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

McSwain does not contest that, under those procedures, he had a right to file an administrative appeal of a dismissal within 10 calendar days, WIS. STAT. § 310.11(6), and he neglected to do so. Instead, he simply asserts that he tried to follow the rules but that prison officials "dated [his] complaint and sent it back without [any] receipt," and that after it was returned, he did not know how to proceed. McSwain's precise argument is difficult to follow, but to the extent that he now claims on appeal that prison officials prevented him from complying with the administrative rules imposed by Wisconsin law, that assertion is not supported by any sworn evidence in the record. If McSwain's argument is that he did not file an administrative appeal because he did not know he was required to do so, that argument also fails because ignorance of the proper grievance procedure does not excuse compliance. *See Booth*, 532 U.S. at 741 n.6; *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000). Accordingly, the district court properly granted summary judgment based on his failure to exhaust administrative remedies.

Even if we bypassed the exhaustion issue and considered the merits, the uncontested facts presented by Dr. Sumnicht and nurse Schrubbe establish that they were not deliberately indifferent to his foot pain. To prove a claim of deliberate indifference, "a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008) (internal citation omitted). Although we may assume that McSwain's foot condition qualified as a serious medical condition, no evidence suggests that Dr. Sumnicht and nurse Schrubbe were intentionally indifferent to it. The crux of McSwain's argument seems to be that Dr. Sumnicht intentionally inflicted severe pain when he punctured the bulge in his foot to release the fluid that was accumulating and that nurse Schrubbe failed to properly respond to the pain this procedure caused. We accept that the infection and poorly healing graft on McSwain's right foot caused him severe pain, but nothing suggests that the pain was needlessly inflicted or anything other than the natural consequence of a necessary procedure. Furthermore, the extensive medical treatment that he received to manage his foot condition shows that overall Dr. Sumnicht and nurse Schrubbe provided McSwain with constitutionally adequate medical care. Finally, McSwain's subjective disagreement with the medical professionals regarding the course of treatment he received for his foot injury is insufficient to establish a claim of deliberate indifference, *see Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Accordingly, the judgment of the district court is AFFIRMED.