**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 7, 2018
Decided August 17, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 17-3009

| | |
|---|---|
| MICHAEL L. WINSTON,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 15-CV-1398-JPS |
| DAVID A. CLARKE, et al.,<br>    *Defendants-Appellees*. | J.P. Stadtmueller,<br>*Judge*. |

**O R D E R**

Michael Winston, a former Wisconsin prisoner, appeals the dismissal of his civil-rights action for his purported failure to exhaust administrative remedies. He argues that the district court wrongly relied on an adverse-credibility finding that was based only on his written evidence. We vacate the judgment and remand the case for further proceedings because, on these facts, the district court's resolution of the credibility dispute without a hearing or live testimony violates this court's instructions in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Winston sued David Clarke (the Sheriff of Milwaukee County) and Milwaukee County Jail officials for allegedly violating his constitutional rights while he was at the jail from 2012 until early 2014. According to Winston's sworn complaint, he was denied

appropriate footwear at all times, received delayed treatment for a hand fracture in 2012, was prescribed medications that caused him to grow breasts, and was twice confined in an unsanitary cell that exposed him to a flesh-eating bacteria—for which he received inadequate treatment.

After Winston moved for partial summary judgment, the defendants filed their own summary judgment motion, arguing that Winston had not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). A deputy inspector in the Milwaukee County Sheriff's Office submitted an affidavit explaining that his search of the jail's "grievance database" had uncovered no relevant complaints filed by Winston. Attached to the affidavit were the jail's grievance policy (revised in late 2014, after Winston's transfer from the jail) and inmate handbook (revised in 2015), which together indicated that grievances must be reduced to writing and, if denied, raised on administrative appeal.

Winston countered the employee's affidavit with factual assertions from his sworn complaint and attached documents. Winston insisted that he did submit grievances about each of his claims, but received no response. After he was transferred from the jail in early 2014, he sent three letters (two to the jail, one to the Sheriff), asking for copies and the status of his grievances. His first letter described the contents of five grievances and gave some approximate filing dates—early 2013 for the inadequate footwear, late 2013 for the first instance of unsanitary conditions, and early 2014 for the second instance. In his second letter, Winston asked if jail personnel had received his grievances and whether he should "refile" them.

Winston's third letter again detailed his grievances and explained that they were filed on the Sheriff's Department's "regulated forms." He said that jail officials told him his "hand drafted complaint" about the infections "was filed." He provided, for the first time, a date for his medication grievance, saying he believed he filed it "the day after I was taken off the medication" in April 2014. Winston also asked that this third letter be treated as an "informal complaint" about the "refusal" to respond to his previous letters and grievances: "[Y]our facility seem[s] to have a major breakdown when it comes to inmate filed complaints[.] [Y]ou either get them and choose not to respond or your officers simply discard them[.]"

Winston explained that he had no copies of his grievances because the form he used—the jail's 2013 template—did not include a carbon copy for the inmate. (At oral argument on appeal, counsel for the defendants confirmed that the pre-2014 grievance policy did not include the provision of carbon copies.) About a month after summary

judgment briefing was completed, Winston separately asked under *Pavey* for an evidentiary hearing on exhaustion.

The district court denied the request for a *Pavey* hearing and dismissed the case for failure to exhaust. Though it acknowledged that the parties' "competing declarations" created a dispute of material fact on whether Winston had filed grievances, the court found that Winston's evidence was not "credible" because he filed no copies of his grievances. The court opined that an evidentiary hearing was "unnecessary" because "Winston could do no more at a hearing than he has already done in his briefing." The court designated its dismissal "without prejudice." Winston appeals.

We start with a jurisdictional wrinkle. The district court's "without prejudice" label raises the question whether the decision was final and appealable under 28 U.S.C. § 1291. But we are satisfied that the district court thought it was finished with Winston's case, *see Hernandez v. Dart*, 814 F.3d 836, 841 (7th Cir. 2016), because the court said the case was "over" and designated the suit "terminated." Indeed, the parties told us at oral argument that no administrative remedies remain available to Winston today, as he is no longer incarcerated. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). Thus, the decision is effectively final, and jurisdiction is secure. We therefore turn to the exhaustion question posed by the parties.

Inmates must exhaust available administrative remedies before suing to challenge prison conditions. 42 U.S.C. § 1997e(a); *Ross v. Blake*, 136 S. Ct. 1850, 1854–55 (2016). Failure to exhaust is an affirmative defense for defendants to prove. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008). Yet disputes on questions of fact regarding exhaustion must be decided by the district judge, not a jury. *Pavey*, 544 F.3d at 741–42. Accordingly, this court has instructed district judges, when an issue of material fact regarding exhaustion is contested and must be decided, to conduct a hearing to resolve the factual dispute. *Id*. Whether a *Pavey* hearing was necessary to resolve the parties' factual dispute is a question of law that we review de novo. *See Wagoner v. Lemmon*, 778 F.3d 586, 590 (7th Cir. 2015).

Winston contends that an evidentiary hearing was needed because *Pavey* contemplates that live testimony is the proper vehicle for resolving credibility disputes on exhaustion. We agree. *Pavey* instructs district courts to conduct a hearing to resolve any material factual dispute about exhaustion. 544 F.3d at 742. A hearing ordinarily is needed when, as here, the parties' competing written evidence creates a genuine dispute of material fact that must be resolved by making a credibility finding. In *Roberts*

*v. Neal*, 745 F.3d 232 (7th Cir. 2014), we said that district courts should not resolve a "swearing contest" on the exhaustion issue without hearing testimony. *Id.* at 234. Either party could be lying, and the American judicial system's preferred tool for sniffing our falsehoods is the testimonial process. *Id.* Accordingly, the district court here erred by discrediting Winston based only on the written evidence in this record.

The district court thought, however, that a hearing was unnecessary because Winston did not offer the "level of detail" necessary to rebut the defendants' evidence that he had not filed any grievances. But the defendants' evidence was no more detailed than Winston's. They offered an affidavit from their employee, who stated that he was unable to locate any grievances from Winston in the jail's "database," and Winston responded that he had "filed grievances and [made] follow-up inquiries regarding the complaints." Perhaps greater detail was needed before the court would credit Winston's account, but *Pavey* instructs that the solution is further record development—not summary judgment. *Dale v. Lappin*, 376 F.3d 652 (7th Cir. 2004), cited by the district court, does not counsel otherwise. The district court read *Dale* as establishing a minimum of detail that prisoners must provide in order to be credible. But *Dale* does not fit this fact pattern, where the district judge, although properly concluding that there *was* a factual dispute created by competing affidavits, nonetheless resolved that credibility dispute on the papers. *Pavey*, decided after *Dale*, makes clear an evidentiary hearing is the proper way to resolve such a dispute. *See Pavey*, 544 F.3d at 742.

The defendants offer two additional reasons why a hearing was unnecessary, but neither is persuasive. First, they contend that Winston offered inconsistent factual narratives when he supplemented his summary judgment response. His supplemental evidence purported to show that prisoners confined to the "special needs unit," like he was, cannot possess writing instruments. The defendants say this evidence contradicted his earlier representation (in one of his letters) that he had filed handwritten grievances in late 2013 and 2014 (when he was in this unit). But the district judge's credibility finding does not discuss any inconsistency in Winston's submissions, and Winston's appellate counsel suggests he may have been allowed to use writing materials under supervision or to dictate his grievance to someone else. Further, this potential inconsistency does not bear upon Winston's allegation that, *before* entering the unit, he filed a grievance about the policy against tennis shoes.

Second, the defendants assert that Winston, in response to their summary judgment motion, failed to properly dispute their proposed finding of fact that he did not file grievances. They point out that he neglected to cite record materials supporting

his contrary factual assertions, thus arguably violating Federal Rule of Civil Procedure 56(c)(1)(A). Perhaps the district court could have, in its discretion, deemed this proposed fact undisputed on that basis. *See* FED. R. CIV. P. 56(e). But it declined to do so, apparently because it was able to locate the evidence necessary to decide that there *was* a factual dispute. The court did not have to scour the record to find this evidence—Winston cited it in filings supporting his own summary judgment motion.

Beyond challenging the denial of the *Pavey* hearing, Winston argues that we should "strike" the affirmative defense of exhaustion because the defendants failed to carry their evidentiary burden. But not only is it premature to rule decisively *against* Winston, it also is too early to rule *for* him. An issue of material fact remains outstanding, as the district court found, and resolving evidentiary disputes like this is what *Pavey* hearings are for. The district court may make appropriate findings, including about what policy applied when Winston was at the jail, whether he filed any grievances in compliance with that policy, and, if so, whether the grievance process was unavailable to him for any reason.

Accordingly, we vacate the judgment and remand this case for a *Pavey* hearing and further proceedings.