NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2022*
Decided June 1, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1961

| | |
|---|---|
| PETER GAKUBA, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 19-cv-1274-NJR |
| | |
| KARIN PANNIER, et al., | Nancy J. Rosenstengel, |
| *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

Peter Gakuba, a former prisoner at the Vienna Correctional Center, appeals the entry of summary judgment on his claim that he was denied access to the facility's law library, in violation of his constitutional rights. The district court concluded that he

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

failed to timely exhaust his administrative remedies before bringing this suit. We affirm.

On October 4, 2019, Gakuba sued a prison law librarian, Karin Pannier, and many other prison officials for constitutional violations during his time in custody, including restrictions on his access to the law library. The district court screened Gakuba's complaint, 28 U.S.C. § 1915A; determined that he had improperly joined several claims and defendants; and severed the complaint into four actions, one of which is the subject of this appeal. On December 30, 2019, Gakuba amended his complaint, alleging among other things that Pannier had truncated his access to the library, to the library's photocopy machine, and to the internet to conduct legal research. The court allowed Gakuba to proceed on his claim that Pannier interfered with his access to the courts by limiting his access to the law library and legal materials.

The defendants moved for summary judgment on grounds that Gakuba failed to exhaust his administrative remedies before filing this suit. The defendants attached documents relating to Gakuba's grievance history, which, they maintained, showed that he had not properly exhausted any of his three grievances related to his library access before filing this suit:

1. On September 16, Gakuba submitted an emergency grievance complaining of inadequate time in the law library. The prison's chief administrative officer determined that the grievance was not an emergency. Gakuba resubmitted the grievance as a non-emergency grievance, and a grievance officer denied the grievance as moot (according to the officer, Gakuba had since been placed on a list granting him priority access to the law library). On October 31, the Administrative Review Board denied Gakuba's appeal, stating that what Gakuba had filed was "a request," that the request should be directed to prison staff, and that Gakuba was not being denied access to the law library.

2. On October 2, Gakuba filed his second grievance alleging that he did not have access to the library or the courts. On January 6, 2020, the Board denied it as baseless.

3. On October 16, Gakuba filed his third grievance, which concerned his inability to adequately access online legal resources for four years (2015 to January 2019), causing, he says, a petition for habeas corpus relief of his to be denied. On October 31, the Board rejected the grievance

as untimely because it was not filed within 60 days of when he claimed he was denied access to the online legal resources.

The district court granted Pannier's motion for summary judgment because Gakuba failed to exhaust his administrative remedies. For two of the grievances—those of September 16 and October 16—the court found these had not been properly exhausted because they were returned to him because of procedural deficiencies and not decided on the merits. The court then proceeded to explain that, even if it assumed that Gakuba exhausted his administrative remedies with regard to each of the three grievances, exhaustion would have been untimely because it occurred after he filed his original complaint on October 4.

On appeal, Gakuba challenges the court's exhaustion analysis by arguing that the court applied the wrong filing date. He contends that October 4, 2019, the date he filed his original complaint, was the wrong date. Rather, the court should have relied on the date he filed his complaint in his severed case, December 30, 2019. Had the court used the later date, he argues, all his grievances would be deemed properly exhausted.

The district court was correct to adhere to the date that Gakuba filed his original complaint—October 4. Under the Prison Litigation Reform Act, prisoners must exhaust available administrative remedies *before* bringing suit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions … until such administrative remedies as are available are exhausted."); *Ford v. Johnson*, 362 F.3d 395, 398–400 (7th Cir. 2004). "[A] 'sue first, exhaust later' approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020). A premature suit must be dismissed without prejudice, and a prisoner must file a new suit after he has fully exhausted administrative remedies. *Id.* Because Gakuba did not exhaust his administrative remedies before bringing this lawsuit, the district court properly granted summary judgment to the defendants.

Gakuba next argues that the district court should not have ruled on exhaustion without first holding a *Pavey* hearing to assess the availability of administrative remedies. But a *Pavey* hearing is necessary only to resolve factual disputes material to the exhaustion issue. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). No such hearing was required because the ruling relied on undisputed facts—the date when Gakuba filed his original complaint and his failure to exhaust his administrative remedies before that date.

Gakuba also argues that the district court did not understand that administrative remedies were unavailable to him with regard to his September 16 grievance. Because

the Administrative Review Board construed that grievance as merely a "request," he maintains that his attempt to proceed with the grievance process was doomed and that he should be excused from pursuing further administrative remedies. But here, "the prison offered a complaint process, which [the prisoner] used, plus an appeal, which [the prisoner] took. How can it be that administrative procedures actually used … were 'unavailable'?" *Ford*, 362 F.3d at 400. Even if we assume that Gakuba could not obtain his desired remedy through the grievance process, he still was required to exhaust the process before bringing his suit. *See Booth v. Churner*, 532 U.S. 731, 738, 741 (2001); *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

AFFIRMED