NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 7, 2014[*]
Decided May 7, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-1593

| | |
|---|---|
| RANDALL SYLER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 12 C 1408 |
| WILL COUNTY, ILLINOIS, et al., | |
| *Defendants-Appellees.* | Milton I. Shadur, *Judge.* |

### O R D E R

Randall Syler, an Illinois inmate, appeals from the dismissal of his civil-rights suit for failure to exhaust his administrative remedies. See 42 U.S.C. § 1997e. Because resolving the exhaustion dispute requires an evidentiary hearing, we vacate the judgment and remand for further proceedings.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

Syler was incarcerated at the Will County Jail when, in August 2010, he fell from his bunk bed and ruptured his left testicle. Despite his pleas for medical attention and complaints of severe pain and swelling, he says that jail personnel refused to examine his injury for nearly two days and instead poked fun at his condition. After a doctor finally saw him, Syler was sent to the emergency room at an area hospital, where his testicle was surgically repaired. He sued the defendants—Will County, its sheriff, and two correctional officers, as well as the jail's medical services provider and two nurses—alleging that they were deliberately indifferent to his serious medical needs. See 42 U.S.C. § 1983. He also raised related state-law claims.

After the district court screened the complaint, Syler twice amended it, alleging that he exhausted his administrative remedies. He asserted that he filed "a grievance on September 10, 2010 outlining the deliberate indifference … to his health, safety and medical needs." He attached a yellow copy of the grievance to the complaint. The defendants answered that Syler had not exhausted his administrative remedies and specifically denied receiving the September 10 grievance. They also alleged that a prisoner is supposed to submit, not keep as Syler did, the yellow copy of a grievance; furthermore, they added, Syler's yellow copy was not signed or stamped by prison staff. Directed by the district court to reply, Syler asserted that prison staff had allowed him to retain the yellow copy (the form itself, in all capital letters, instructs the staff: "Yellow—Return to Inmate"). Responding to the defendants' unsworn denial of exhaustion, Syler also furnished an affidavit, attesting that he submitted the written grievance on September 10.

Without holding an evidentiary hearing to resolve these dueling pleadings, the court dismissed with prejudice the § 1983 claim for failure to exhaust, concluding that Syler's assertions of exhaustion did not meet the "*Twombly-Iqbal* requirement of plausibility." The court gave three reasons. First, the defendants alleged that they have no record of the grievance. Second, Syler attached a yellow copy of the grievance rather than the pink one that the defendants alleged he should have retained. Finally, Syler did not mention the September 10 grievance in two later grievances (also attached to his complaint) protesting a $10 charge for seeing the doctor about his injury. The court also dismissed Syler's supplemental state-law claims without prejudice.

On appeal, Syler continues to argue that he exhausted the jail's grievance procedures. He adds that any failure to follow precisely the procedure for submitting a grievance should be excused because the defendants had taken away his copy of the jail's rule book. The defendants correctly respond that this factual assertion is new. But

their response highlights the problem with the dismissal and why remand is necessary: The district court resolved the underlying factual dispute over whether Syler properly exhausted the grievances procedures, and whether any failure was his fault, without holding a hearing. We have repeatedly said that a district court must hold an evidentiary hearing to resolve a dispute between an inmate who says he exhausted and defendants who say otherwise; either side may be lying. See, *e.g.*, *Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

The district court ruled that a hearing was unnecessary because, in its view, Syler's allegation that he had exhausted was not plausible under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). But Syler had no obligation to allege exhaustion. A prisoner's failure to exhaust is an affirmative defense that the *defendants* must plead and prove. See *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2006); *Davis v. Ind. State Police*, 541 F.3d 760, 763–64 (7th Cir. 2002).

What the court may have meant (and what the defendants argue here) is that Syler's complaint makes his failure to exhaust obvious and thus justifies the dismissal. A suit may be dismissed if a valid affirmative defense is sufficiently obvious "from the face of the complaint." *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002). The defendants argue that Syler's allegation of exhaustion is necessarily false because he retained what they assert is the wrong copy of the grievance; the retained copy lacks any signature or stamp from jail personnel confirming receipt; Syler did not produce it at the start of the litigation; and his two later grievances do not mention it. These points question the credibility of Syler's allegation in his complaint and reply (which he bolstered with an unrebutted affidavit) that he submitted a timely, written grievance. But they do not conclusively establish an unexcused failure to exhaust that is "so plain from the face of the complaint that the suit can be regarded as frivolous." *Walker*, 288 F.3d at 1009. Indeed, the defendants acknowledge as much by conceding, as they must, that the district court's analysis was "further aided" by their *answer* (in which they allege that the jail never received the grievance). The dispute over exhaustion, reflected in and created by opposing pleadings, could not be resolved without an evidentiary hearing. See *Roberts*, 745 F.3d at 234; *Pavey*, 544 F.3d at 742 (7th Cir. 2008).

Accordingly, we **VACATE** the judgment and **REMAND** the case for further proceedings.