NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2016[*]
Decided June 24, 2016

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-2300

| | |
|---|---|
| PAUL S. MORROW, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 13-CV-331-NJR-DGW |
| AARON HOOD, *et al.*, *Defendants-Appellees*. | Nancy J. Rosenstengel, *Judge*. |

**O R D E R**

Paul Morrow, an Illinois prisoner, claims in this suit under 42 U.S.C. § 1983 that the defendants, all of them guards or medical staff at Menard Correctional Center, violated the Eighth Amendment by assaulting him and then refusing medical treatment for his injuries. After an evidentiary hearing, *see Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), the district court found that Morrow had not exhausted his administrative remedies as to any of the defendants and dismissed the case, *see* 42 U.S.C. § 1997e(a). Because that finding is not clearly erroneous, we affirm the dismissal.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

The Prison Litigation and Reform Act, *see id.*, requires that a prisoner exhaust available administrative remedies before suing to challenge prison conditions, *see Ross v. Blake*, No. 15-339, 2016 WL 3128839, at *3 (U.S. June 6, 2016); *Wagoner v. Lemmon*, 778 F.3d 586, 588 (7th Cir. 2015). In Illinois a prisoner must first attempt to resolve issues by talking to his counselor, and if an informal resolution cannot be reached, then the prisoner must submit a formal written grievance to a grievance officer within 60 days of the incident. ILL. ADMIN. CODE tit. 20, § 504.810(a); *see Beahringer v. Page*, 789 N.E.2d 1216, 1225 (Ill. 2003). After reviewing the grievance, the officer will submit a written recommendation to the warden, who issues a final decision. ILL. ADMIN. CODE tit. 20, § 504.830(d); *see Roberts v. Neal*, 745 F.3d 232, 235 (7th Cir. 2014). If the prisoner is dissatisfied with the warden's decision, he may within 30 days appeal to the statewide Administrative Review Board, which will submit a written report of its findings and recommendation to the Director of the Illinois Department of Corrections to make a final determination. ILL. ADMIN. CODE tit. 20, § 504.850; *see Roberts*, 745 F.3d at 235.

Morrow alleges that he was assaulted on October 9, 2012. In his complaint he says that on November 14, 2012, within the 60-day window, he wrote a formal grievance and left two copies on the bars of his cell for pickup. Morrow attached to his complaint his cellmate's declaration attesting that on November 14 he watched Morrow write an original and two copies of his grievance and then "mail" two of the three, keeping one for himself. But, Morrow says, he never received a response to the November 14 grievance, and when he inquired about it in January 2013, he was told that no grievance had been received. According to his complaint, Morrow then resubmitted the November 14 grievance, first on an "emergency" basis to the warden, and then to his counselor after the warden had decided that the grievance was not an emergency and told Morrow to submit it through normal channels. Morrow alleged, and the exhibits to his complaint confirm, that his counselor received the grievance on January 29 and returned it on February 2 with a written explanation that the grievance had been submitted "out of timeframe." More than a month later, on March 10, 2013, Morrow sent another copy of the grievance to the Administrative Review Board, which refused to address the merits because, the Board explained, the grievance was "[n]ot submitted in the timeframe outlined in Department Rule 504."

The defendants moved for summary judgment on the sole ground that Morrow had not submitted a timely grievance and thus failed to exhaust his administrative remedies. The defendants acknowledged receiving a grievance *dated* November 14, 2012, but, they asserted, that grievance was not received until January 2013, more than 60 days after the alleged assault. The defendants pointed to Morrow's handwriting in the margin of the grievance saying "Sent to GO 1-14-13" and to a "received" stamp from the

grievance office dated January 16, 2013. The defendants also submitted the prison grievance log with only one entry in January 2013 corresponding to Morrow's grievance dated November 14. Additionally, the defendants argued that Morrow's administrative appeal not only was untimely but also defective because he did not attach a recommendation from a grievance officer or a decision from the warden when he submitted the grievance to the Administrative Review Board.

A magistrate judge conducted the *Pavey* hearing and, after hearing testimony from Morrow, concluded that his grievance, although *dated* November 14, 2012, was not submitted for the first time until January 2013, more than 60 days after the alleged assault. The magistrate judge reasoned that Morrow was not credible because his testimony that no one had responded to his grievance before he sent it to the Board was impeached by a copy he appended to his complaint, which confirms that his counselor had given back the grievance marked in writing as late. Morrow explained that he had forgotten about receiving a written response from his counselor, but the magistrate judge thought this explanation disingenuous "when viewed in light of his meticulous efforts to document the progression of this grievance through the administrative channels at Menard." The magistrate judge added that no other evidence corroborates Morrow's "self-serving" annotations on the grievance or the affidavit from his cellmate (who did not testify). Having found Morrow not credible, the magistrate judge disbelieved his version of events and found that he had not exhausted his administrative remedies. The district court, over Morrow's objections, agreed with the magistrate judge's report and recommendation and dismissed the lawsuit.

On appeal Morrow still maintains that he submitted his grievance on time in November 2012, but he does not challenge the magistrate judge's adverse credibility assessment. We review factual findings and credibility determinations for clear error, FED. R. CIV. P. 52(a)(6); *Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011), and we see no reason to disturb the magistrate judge's credibility finding, *see Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985) (explaining that credibility findings are given great deference); *United States v. Norris*, 640 F.3d 295, 297 n.1 (7th Cir. 2011) (explaining that credibility determination will be upheld unless "completely without foundation" (internal citation omitted)). The magistrate judge—and the district court by adoption—was permitted to disbelieve Morrow's testimony that he submitted the grievance within the required 60 days. Thus, the district court did not err in dismissing the case for failure to exhaust administrative remedies.

AFFIRMED.