NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 7, 2016[*]
Decided September 19, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 16-1710

| | |
|---|---|
| ANTHONY BOYCE, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 16-1028 |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al., *Defendants-Appellees.* | Harold A. Baker, *Judge.* |

**O R D E R**

Anthony Boyce, an Illinois prisoner, suffered nerve damage from a gunshot wound to his neck. A specialist investigating Boyce's complaints of chronic pain from that condition and from persistent dry mouth (which, Boyce alleges, makes eating, drinking, and swallowing difficult and causes tooth decay) prescribed a drug for nerve pain and recommended that Boyce use a nonprescription, medicated mouthwash. The

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

specialist also recommended that Boyce return in a year if his symptoms did not improve. According to Boyce, doctors and administrators at the Pontiac Correctional Center initially approved this course of treatment but then, in an effort to save money, stopped supplying the mouthwash and refused to send him back to the specialist despite intensifying pain. Boyce alleges in this suit under 42 U.S.C. § 1983 that these actions denied him appropriate medical care in violation of the Eighth Amendment. The district court dismissed the complaint at screening, *see* 28 U.S.C. § 1915A, reasoning that Boyce had filed suit without first exhausting available administrative remedies as required by the Prison Litigation Reform Act, *see* 42 U.S.C. § 1997e(a). Because an exhaustion defense is not evident from Boyce's complaint, we vacate the judgment and remand.

The PLRA bars any federal action challenging conditions of confinement unless the inmate has exhausted available administrative remedies. *See id.*; *Wagoner v. Lemmon*, 778 F.3d 586, 588 (7th Cir. 2015). The normal process through which an Illinois prisoner must attempt to resolve issues includes first talking to his grievance counselor and, if an informal resolution is not reached, submitting to a grievance officer within 60 days a formal written grievance. ILL. ADMIN. CODE tit. 20, § 504.810(a), (b). The grievance officer reviews the submission and makes a written recommendation to the warden for final decision. *Id.* § 504.830(d); *see Roberts v. Neal*, 745 F.3d 232, 235 (7th Cir. 2014). Alternatively, in a genuine emergency an inmate may request that a grievance be handled swiftly by submitting it directly to the warden, who will expedite the matter if the warden finds that it raises a substantial risk of imminent injury or serious harm. ILL. ADMIN. CODE tit. 20, § 504.840. A prisoner dissatisfied with the warden's decision has 30 days to appeal to the statewide Administrative Review Board, which reviews the warden's denial and issues a written recommendation to the Director of the Illinois Department of Corrections for a final determination within 6 months. *Id.* § 504.850; *Roberts*, 745 F.3d at 235.

We know from attachments to Boyce's complaint that he went directly to the warden with numerous "emergency" grievances demanding resumption of his mouthwash and a return visit to the specialist to further investigate his pain. In several of these grievances Boyce complained of severe pain that often rendered him incapable of swallowing. Each time the warden responded that "an emergency is not substantiated" and, instead of forwarding the grievance to a grievance officer, simply returned it to Boyce with instructions to resubmit it in the normal manner. Twice Boyce tried to appeal to the ARB, and both times the ARB refused to review the warden's determination that the grievance did not concern an emergency. Boyce was told by the

ARB to follow the regular grievance procedure and, if his issue remained unresolved, to appeal the results of that process.

If Boyce pursued other administrative relief before filing suit, those steps are not disclosed in his complaint or attachments. In screening his complaint, the district court mentioned only the last two of Boyce's many emergency grievances and only the second of his appeals to the ARB. And concerning that appeal, the district court reasoned that, because the Director has six months in which to act on a recommendation from the ARB, Boyce had failed to "perfect" his grievance because he filed suit only four months after submitting the appeal. The court did not acknowledge that the ARB had itself refused to consider Boyce's appeal and in fact made explicit that no recommendation for further action would be sent to the Director until he completed the normal grievance process. Nor did the district court say why Boyce's first appeal to the ARB was not "perfected" since it had been filed 18 months earlier.

The district court's reasoning is unsound. True, § 504.850 requires the Director to reach a final decision on an appeal within six months "where reasonably feasible under the circumstances." But that doesn't mean that a prisoner whose appeal is rejected outright must wait six months for the process to "perfect" before filing suit, and the district court's inference that Boyce would have exhausted his administrative remedies simply by waiting a few more months is illogical; the Director was not going to address Boyce's grievances no matter how long he waited.

Moreover, exhaustion is an affirmative defense that ordinarily should be raised—and must be proven—by the defendant. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Turley v. Rednour*, 729 F.3d 645, 649–50 (7th Cir. 2013). A district court may dismiss a complaint where "the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous," *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010). But the defense must be unmistakable, *Walker v. Thomson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002), which here it is not. Boyce submitted grievances directly to the warden as emergencies, and our decision in *Thornton v. Snyder* implies that this may have been enough. *See* 428 F.3d 690, 694 (7th Cir. 2005) (noting absence from "current regulatory text" of any requirement that inmate in Illinois "file a new grievance after learning only that it will not be considered on an emergency basis"). We also have emphasized that prison officials may not demand that an inmate do more than administrative rules require in order to avoid an exhaustion defense, *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and the Illinois

Code includes no obvious requirement that a prisoner resubmit a rejected emergency grievance that the warden did not hand off to a grievance officer.

The judgment is VACATED and the case is REMANDED. We express no opinion on the merits of Boyce's lawsuit or whether he did, in fact, exhaust available remedies; we conclude only that it should not have been dismissed sua sponte at screening. We also note that the district court was incorrect to assert that Boyce incurred a strike for a dismissal *without* prejudice.