NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Submitted February 21, 2018[*]
Decided March 5, 2018

### Before

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 16-3235 | Appeal from the United States District Court for the Southern District of Illinois. |
| CARL ROBERTS, *Plaintiff-Appellant,* | |
| *v.* | No. 11-cv-266-SMY |
| BRIAN NEAL, *et al.,* *Defendants-Appellees.* | Staci M. Yandle, *Judge.* |

## Order

Carl Roberts contends in this suit under 42 U.S.C. §1983 that a nurse and three guards at Big Muddy River Correctional Center in Illinois violated the Eighth Amendment, applied to the states by the Fourteenth, in dealing with an injury to his hand. The district court initially dismissed after concluding that Roberts had not exhausted his intra-prison remedies, but we remanded for a decision on the merits. 745 F.3d 232 (7th

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Cir. 2014). The district court then granted the defendants' motion for summary judgment. 2016 U.S. Dist. LEXIS 107618 (S.D. Ill. Aug. 15, 2016).

Roberts injured his hand in a fight with another inmate. He was immediately escorted to Brian Neal, the nurse on duty, who found a slight swelling in the knuckle of Roberts's index finger. He did not prescribe medication or order an X-ray; instead he told Roberts to seek follow-up aid if his condition worsened. Dennis Larson, the physician on duty, agreed with Neal's plan.

What happened after Roberts was again in a cell is disputed, but we recount matters in the light most favorable to him. Roberts says that his hand shortly began to swell up and that he felt excruciating pain. He attempted to summon aid, but two guards (Jarrod Selby and Thad Woodside) did not assist him. A third guard, Edwin Doty, promised to summon medical aid. About five hours after Neal saw Roberts, another nurse came to his cell on scheduled rounds. She noted swelling of the hand and a limited range of motion. She offered ibuprofen, which Roberts refused, and scheduled an appointment with Dr. Larson. After seeing Roberts two days later, Larson ordered X-rays, which revealed a fracture near the knuckle of Roberts's index finger. The medical staff applied a splint, offered acetaminophen (which Roberts took), and scheduled an orthopedic consultation with an outside provider. The orthopedist treated Roberts for three weeks, at the end of which the fracture was healing normally and the bone was properly aligned, though Roberts continued to report pain and a limited range of motion.

In this suit Neal and the three guards are defendants; Larson and other members of the medical staff are not. Roberts asked the court to recruit counsel to assist him, and Magistrate Judge Frazier agreed to do so. The court contacted approximately 70 lawyers on Roberts's behalf; none was willing to take the case. Roberts continued to request the assistance of counsel, and the court made additional inquiries. After asking more than 100 lawyers to represent Roberts, without finding one who would help out, the magistrate judge gave up and recommended that the suit be dismissed on the merits. 2016 U.S. Dist. LEXIS 107617 (S.D. Ill. May 17, 2016). As we have explained, the district judge agreed and entered judgment in defendants' favor. Roberts contends on appeal that it was premature to decide the case while he still lacked the benefit of counsel.

Some of the district judge's language suggests that she disagreed with the magistrate judge about Roberts's need for counsel under the standards of *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc). See 2016 U.S. Dist. LEXIS 107618 at *7–8. But the district judge also noted that extensive efforts had been made to recruit counsel for Roberts and that in civil litigation the plaintiff does not have a right to an appointed lawyer. *Ibid*. *Pruitt* made that point too. 503 F.3d at 656–58. At some point a court must be enti-

tled to stop beating the bushes for counsel. The alternative—holding a case in stasis for what may be an extended time until someone finally agrees to represent the plaintiff *pro bono*—could impose substantial costs on the defendants (whose memories would fade and whose evidence would become stale) and the judicial system alike. We conclude that the district judge did not abuse her discretion in finding that the record assembled without the aid of counsel is informative enough (it contains the relevant medical records) to make immediate decision preferable to indefinite delay.

On the merits, we agree with the district court's decision. Roberts received medical attention soon after his injury, and it is not appropriate to second-guess nurse Neal's decision (approved by a physician) that no care was then indicated. The five-hour delay in providing care after Roberts's hand began to swell is regrettable, but the pain Roberts experienced is a natural result of a broken bone rather than of the delay. Roberts himself insists on that point. He contends that the pain did not decrease after he saw the second nurse, or after he saw a doctor and received a splint plus acetaminophen, or even after he was under the specialist's care. Roberts refused the first offered pain medication (his stated reason, fear of liver and kidney damage, does not justify rejecting medical care; ibuprofen is safe when taken in normal quantities), but since he insists that the whole course of treatment did not abate his pain, it is hard to see how it would be possible to attribute any of the pain to the five-hour delay, however unfortunate that delay may be. After Roberts saw the second nurse, the care he received appears to be normal in the medical profession and achieved a successful outcome; it could not be called negligent, let alone the result of deliberate indifference to his pain.

AFFIRMED