NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 22, 2019*
Decided April 23, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-3556

| | |
|---|---|
| KIRK LYNCH,<br>  *Plaintiff-Appellant*,<br><br> *v.*<br><br>CORIZON, INC., *et al.*,<br>  *Defendants-Appellees*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:17-cv-00798-JMS-DML<br><br>Jane Magnus-Stinson,<br>*Chief Judge*. |

**O R D E R**

Kirk Lynch, an inmate at New Castle Correctional Facility in Indiana, sued medical officers for deliberate indifference to his medical needs. The district court entered summary judgment for the defendants, reasoning that Lynch failed to exhaust his administrative remedies. Because a factual dispute about exhaustion requires an evidentiary hearing, we vacate the judgment and remand for further proceedings.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Lynch asserts that he suffers from many medical problems that were the subject of grievances. These include musculoskeletal and cardiovascular problems, gout, high blood pressure, gastrointestinal issues, and dizziness. The defendants submitted an affidavit to the district court stating that on four occasions from 2016 through 2017, Lynch submitted incomplete grievances about the treatment of these problems. In summary, it states that in November 2016, Lynch filed a formal grievance, but the prison's grievance specialist told him he needed to proceed informally first, and Lynch did not. The next month, he filed a formal grievance about his gout medication. Again, the grievance specialist instructed him to proceed informally first, but Lynch did not. In March 2017, Lynch submitted an informal complaint about medications and followed it up with a formal grievance. The grievance specialist returned it as improperly completed. Finally, the next month, Lynch submitted another informal complaint, followed by a formal grievance, about his medications and treatment. The grievance specialist returned this grievance, too, instructing Lynch to specify the drugs and the imminent danger and life-threatening injuries he faced. Lynch did not do so.

Lynch responded with his own affidavit, stating that in two ways the defendants had prevented him from filing his grievances properly. First, he asserted that the defendants tampered with his medications and gave him improper dosages to keep him from thinking properly and completing informal and formal grievances correctly. Second, he asserted that the prison appoints an inmate to block access to counselors, grievance forms, case managers, and staff, and this inmate blocked Lynch when he tried to file his grievances. This inmate later "told [Lynch] on multiple occasions that [the inmate] knew about [Lynch's] suit."

The defendants moved for summary judgment, and the district court granted their motion, reasoning that Lynch had failed to exhaust his administrative remedies. As to Lynch's assertion that the defendants tampered with his medication dosages, the court reasoned that this statement was too general because Lynch did not explain *how* the tampering affected him. The court also deemed irrelevant Lynch's assertion that prison officials used an inmate to block his access to grievance forms. It assumed that because the inmate said he knew about "this lawsuit," the inmate had acted only after this suit was filed, so the inmate did not stop Lynch from exhausting his remedies before Lynch filed this suit.

The Prison Litigation Reform Act provides that "[n]o action shall be brought [under federal law] … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to satisfy this requirement is an affirmative

defense. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006). Consequently, prison officials bear the burden of establishing the availability of unexhausted administrative remedies. *See Hernandez v. Dart*, 814 F.3d 836, 840, 842–43 (7th Cir. 2016) (collecting cases). If their availability is reasonably contested, the district court must resolve this question at an evidentiary hearing. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). We review de novo the entry of summary judgment against Lynch for his failure to exhaust. *Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016).

Lynch argues that the district court erred in two respects. First, he contends that his testimony would allow a reasonable factfinder to infer that the defendants prevented him from completing the grievance process by tampering with his medication dosages so that he could not think lucidly enough to do so. If officials prevent an inmate from exhausting his remedies, those remedies are not "available" to the inmate and he has therefore not forfeited his ability to file suit. *See Pavey*, 544 F.3d at 742; *Kaba*, 458 F.3d at 684–85. The defendants do not challenge Lynch's premise that tampering with an inmate's drugs to disable him from filing grievances excuses a failure to exhaust. Rather, they respond that Lynch provided no evidence that prison officials denied him, or tampered with, his medication; nor did he explain how such efforts affected his ability to complete the grievance process. They add that despite his alleged confusion, he filed multiple grievances between November 2016 and May 2017.

But Lynch provided sufficient evidence to create a question whether administrative remedies were available to him, so the court should have conducted an evidentiary hearing to resolve this question. *Roberts v. Neal*, 745 F.3d 232 (7th Cir. 2014) ("A swearing contest requires an evidentiary hearing to resolve"). Reasonably construed in his favor, his affidavit attests that the defendants altered his medication, that doing so left him too confused to complete the grievance process, and that they did this for the non-medical reason of creating that disabling confusion. Although a judge need not believe Lynch's assertions, a sworn affidavit that is "detailed, specific, and based on personal knowledge" is competent evidence to warrant an evidentiary hearing. *Kaba*, 458 F.3d at 681; *see Roberts*, 745 F.3d at 234. By citing events based on personal knowledge—unprescribed dosages followed by disabling confusion—he offered testimony sufficient to warrant an evidentiary hearing. *See Roberts*, 745 F.3d at 234. Furthermore, we are not persuaded by the defendants' response that because Lynch filed some grievances, he retained the mental clarity to complete the grievance process. The defendants admit that he completed these grievances *improperly*. Lynch's point is that their tampering left him unable to file grievances properly and thus

prevented exhaustion. Lynch's sworn testimony is thus enough to require an evidentiary hearing.

Summary judgment also improperly resolved a second factual dispute that should have been resolved at an evidentiary hearing. Lynch stated that the defendants appointed an inmate who prevented him from receiving forms and filing grievances properly. The defendants respond that based on Lynch's affidavit, this inmate stopped him only *after* Lynch filed this suit, so the inmate did not interfere with the exhaustion process for the claims here. But that argument construes Lynch's affidavit in favor of the defendants, not Lynch. The affidavit states that the inmate "told [him] on multiple occasions that [the inmate] knew about [Lynch's] suit." It does not state that the inmate *began* blocking Lynch's access to grievance appeal forms only after Lynch filed this suit. If we construe the affidavit in the light most favorable to Lynch, as we must, *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009), Lynch has presented a contested question whether the inmate blocked him from completing the grievance process.

Accordingly, we VACATE the judgment and REMAND for an evidentiary hearing, as described in *Pavey*, 544 F.3d at 742, to resolve whether Lynch exhausted his administrative remedies.