**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 24, 2020[*]
Decided February 26, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-1339

| | |
|---|---|
| STEVEN D. LISLE, JR., *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 17-1530-CSB |
| KEVIN KELLER, et al. *Defendants-Appellees.* | Colin S. Bruce, *Judge.* |

**O R D E R**

Steven Lisle, an inmate, sued prison officials at the Correctional Center in Pontiac, Illinois, for violations of his rights under the First, Fourth, Eighth, and Fourteenth Amendments. Lisle asserts that officers sprayed him with mace and then shut off the water in his cell, and later, other officers strip-searched and sexually assaulted him. The court granted summary judgment for defendants, concluding that Lisle failed to exhaust administrative remedies. Because the issue of exhaustion is

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

contested, as defendants concede, we vacate and remand with respect to that issue. But the district court did not err in denying Lisle's other motions, so we affirm the remainder of the judgment.

In a grievance filed on June 9, 2017 (with whom is unclear from the record), Lisle described a 48-hour period during which he was repeatedly assaulted while at the prison. Two months earlier, Lisle wrote, officer Kevin Keller used a racial slur and then sprayed a can of mace at his face and body and into his cell. Keller reportedly then told Sergeant Micah Dillon to turn the water off and "let [Lisle] die." Lisle says that he demanded medical attention but was told he would receive none. He was left in his cell without running water for 48 hours. Lisle went on to say in his grievance that two days later the "Orange Crush" Tactical Unit subjected him to a strip search and that a team member digitally penetrated his rectum.

A counselor responded to Lisle's grievance on July 10, 2017, stating that an investigation did not substantiate his claims. Lisle considered the counselor's response inadequate because the counselor had interviewed only the officers. Seeking to appeal the counselor's ruling, he says that he gave a copy of the original grievance to a correctional officer to deliver to the grievance officer. Pontiac's grievance officer, Sharon Simpson, declared that she had no record of receiving any correspondence. Lisle appealed the denial of his grievance to the Administrative Review Board, reporting that his grievances were not being processed; he included a copy of his grievance of June 9, 2017. The Board received Lisle's appeal on November 3, 2017. After receiving Lisle's appeal, the Board informed Lisle that he needed to provide his original written grievance, including the counselor's response, as well as the grievance officer's and chief administrative officer's response. Lisle did not respond.

Lisle then brought this suit under 42 U.S.C. § 1983, asserting various constitutional claims, including a claim for excessive use of force. He detailed the 48-hour period that he described in his grievances, explained why he believed he had exhausted his administrative remedies, and requested both compensatory damages and injunctive relief in the form of changed prison policies. During discovery, he moved both for Judge Bruce to recuse himself and for a transfer of venue because he believed that the judges in the Central District of Illinois were all biased against him. Judge Bruce denied both motions, determining that Lisle's "wild accusations" and discussion of prior adverse rulings did not demonstrate his bias or that of any other judges in the Central District.

The state defendants then moved for summary judgment on grounds that Lisle failed to exhaust his administrative remedies, and the district court granted the motion. The court said that it "ordinarily" would hold a hearing under *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), to resolve the disputed question whether Lisle had appealed his grievance to the grievance officer and was not given a response. But the court determined, without a hearing, that Lisle had failed to exhaust his administrative remedies when he appealed to the Board and subsequently failed to provide the Board with the additional documentation it requested. The court did not address another issue disputed by the parties—whether Lisle had filed his initial grievance with a counselor or a grievance officer.

On appeal Lisle argues that the district court erred in entering summary judgment on exhaustion grounds without holding a *Pavey* hearing. A hearing is necessary, he maintains, to determine whether he exhausted his administrative remedies when he forwarded his original grievance to Pontiac's grievance officer. Further, he argues, it was irrelevant that he failed to respond to the Board's request for documentation because he did all he was required to do: he forwarded his original grievance to the grievance officer and did not receive a timely response. The state defendants concede on appeal that a *Pavey* hearing is required where, as here, the parties dispute whether an inmate exhausted his administrative remedies. *Pavey*, 544 F.3d at 742.

We accept the state defendants' concession of error and agree that the case must be remanded to the district court for a *Pavey* hearing to determine two factual issues. First, a hearing is needed to resolve whether Lisle filed his original grievance with the appropriate person. Under the state's regulations, he could file the grievance either with a counselor or, in the case or alleged sexual abuse, with the grievance officer herself. 20 ILL. ADMIN. CODE § 504.810(a). The second factual dispute is the one Lisle highlighted in his briefing: whether he forwarded the counselor's denial of his original grievance to the grievance officer. Because "[a] swearing contest requires an evidentiary hearing to resolve, and none was held," *Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014), the case must go back to the district court on the issue of exhaustion.

The district court also erred by reasoning that Lisle had failed to exhaust his administrative remedies by not complying with the Board's instructions regarding his grievance appeal. As the state defendants concede, his lack of compliance with the Board's instructions would have been irrelevant if he never received a response to the appeal he filed with the grievance officer. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir.

2002). See also *Roberts*, 745 F.3d at 236 (an inmate need not "do anything further to keep his grievance alive" when that inmate followed his prison's internal processes but did not receive a response).

Lisle's remaining arguments are less persuasive. He argues, for instance, that Judge Bruce was biased, as reflected in his prior rulings in the case, and should have recused or disqualified himself. But adverse judicial rulings are not a basis for either recusal under 28 U.S.C. § 455 or disqualification under 28 U.S.C. § 144. *See In re City of Milwaukee*, 788 F.3d 717, 720 (7th Cir. 2015) (recusal); *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004) (disqualification). Lisle also asserts that Judge Bruce had "personal and political" connections to IDOC officials, but he points to no evidence in support.

Lisle argues last that the court erred in denying his motion to transfer because he believed that he presented enough evidence of potential bias. But the court acted within its discretion to deny the motion because Lisle's arguments indicated an intent to forum-shop, which is an impermissible reason for transfer. *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 710 (7th Cir. 2016).

In light of the foregoing, we VACATE the entry of summary judgment and REMAND for a *Pavey* hearing.