NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 18, 2021*
Decided August 3, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2376

| | |
|---|---|
| MICHAEL M. MOFFETT, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-C-1873 |
| SHANE GARLAND and SUSAN PETERS, <br> *Defendants-Appellees*. | William C. Griesbach, <br> *Judge*. |

**O R D E R**

Michael Moffett, a Wisconsin prisoner with sleep apnea, sued medical staff for refusing to consider sinus surgery instead of a continuous positive airway pressure (CPAP) machine. The district court entered summary judgment for the defendants, concluding that Moffett failed to exhaust his administrative remedies with respect to

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

one defendant and that no reasonable jury could find that the other acted with deliberate indifference. We affirm, though on slightly different grounds.

Because Moffett appeals the entry of summary judgment, we recount the factual record in the light most favorable to him. *See Giles v. Tobeck*, 895 F.3d 510, 512 (7th Cir. 2018). Moffett was diagnosed with obstructive sleep apnea in January 2017. The sleep specialist who diagnosed him recommended CPAP therapy as the "gold standard" treatment; other options included oral appliances and upper airway surgery, but the specialist explained that the efficacy of those treatments was unpredictable. Susan Peters, a nurse practitioner at the Green Bay Correctional Institution, issued a CPAP machine to Moffett a few months later.

Over the next year, Moffett struggled to comply with regulations that required use of the CPAP machine during at least 70% of his sleeping hours, and as a result his prescription was discontinued several times. Moffett told his health care providers that he suffered from sinus congestion, which made breathing difficult while using the machine. Peters prescribed numerous forms of treatment for the congestion, including multiple allergy medicines, nasal sprays, and a Neti pot.

Because he was struggling to use the CPAP machine, Moffett asked Peters about sinus surgery, but she said that it was too expensive, so the prison would not provide it. Sometime later, Moffett was speaking with a nurse, Shane Garland, about his challenges with using the CPAP machine, and Garland speculated about whether surgery was needed. Moffett was surprised and told Garland about Peters's comment about the expense. Garland expressed disappointment that Peters would say such a thing and explained that the facility provided all necessary surgery. Garland said he would ask Peters about her remark, but Moffett never found out if he did. (Peters and Garland deny that these conversations occurred, but we assume that they did.)

Moffett sued several medical staff members and other Green Bay employees under 42 U.S.C. § 1983, claiming that they had violated his Eighth Amendment right to adequate medical care. The district court screened his complaint, *see* 28 U.S.C. § 1915A, and allowed him to proceed on claims against Garland and Peters for discontinuing his CPAP machine, Peters for refusing to consider sinus surgery based on cost, and Jean Lutsey, a health services manager, for responding inadequately to his inmate complaint. (Lutsey recently passed away, and Moffett declined to proceed against her estate, so we say no more about her.)

After discovery, Garland and Peters moved for summary judgment, and the district court granted their motion. It first concluded that Moffett had failed to exhaust his administrative remedies for the claim against Garland. As for Peters, the court determined, as relevant here, that she acted within her medical judgment when she declined to pursue surgery: She opined that surgery was unnecessary because Moffett did not have a traumatic injury, deviated septum, polyps, or any other condition that surgery could address.

On appeal, Moffett does not challenge the entry of summary judgment on his claims based on the discontinuation of the CPAP machine, focusing instead on his contention that the defendants unlawfully prevented him from receiving sinus surgery. To withstand summary judgment on his Eighth Amendment claim, Moffett needed evidence that he had an objectively serious medical condition and that the defendants were aware of and unreasonably disregarded an excessive risk to his health. *See Farmer v. Brennan*, 511 U.S. 825, 837, 846 (1994). The defendants concede that Moffett's sleep apnea was serious, so we focus on whether they acted with a "sufficiently culpable state of mind." *See Lewis v. McLean*, 864 F.3d 556, 563 (7th Cir. 2017).

Moffett first argues that a reasonable jury could find that Peters showed deliberate indifference by refusing to consider sinus surgery because of the cost, but the evidence does not support his claim. The cost of treatment can be a relevant factor in our assessment of deliberate indifference, such as when medical providers deny access to care that is inexpensive and commonplace. *See, e.g. Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). Here, however, the record shows that Peters prescribed a CPAP machine—the "gold standard" treatment for sleep apnea—gave him repeated instructions on how to use it properly and multiple opportunities to do so, and provided numerous treatments for his sinus congestion so he could use the machine comfortably. This record of responsive treatment is inconsistent with a deliberately indifferent state of mind. *See, e.g., Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965–66 (7th Cir. 2019).

Moffett's belief that Peters should have considered referring him for surgery does not raise a question of fact about her state of mind. Peters explained that, in her medical judgment, surgery was not appropriate, and mere disagreement with a medical professional's chosen course of treatment cannot establish a constitutional violation. *See Cesal v. Moats*, 851 F.3d 714, 722 (7th Cir. 2017). Nor does the Eighth Amendment give prisoners the right to demand specific medical treatment. *See Walker*, 940 F.3d at 965. Moffett needed evidence that any "minimally competent professional" would

have treated his sleep apnea with surgery, but the specialist who diagnosed his condition recommended the very treatment Peters prescribed—CPAP therapy—and cautioned that the effectiveness of surgery was unpredictable. *Lockett v. Bonson*, 937 F.3d 1016, 1023 (7th Cir. 2019). Without any evidence that surgery was necessary or that the treatment Moffett received was inappropriate, Peters's remark that surgery would be too expensive is irrelevant. *See McGowan v. Hulick*, 612 F.3d 636, 641 (7th Cir. 2010).

Next, Moffett argues that the district court improperly granted Garland's motion for summary judgment based on a failure to exhaust his administrative remedies. We agree that the district court was too hasty in entering summary judgment for Garland on that ground. The federal Prison Litigation Reform Act requires that inmates exhaust available administrative remedies before turning to the courts. *See* 42 U.S.C. § 1997e(a). But state law controls what content grievances must contain. *See Jones v. Bock*, 549 U.S. 199, 218 (2007); *Riccardo v. Rausch*, 375 F.3d 521, 523 (7th Cir. 2004). The applicable Wisconsin regulations, *see* Wis. Admin. Code DOC § 310.07, do not require that grievances identify the perpetrator of an alleged problem, so Moffett's grievance needed only to "provide[] notice to the prison of the nature of the wrong for which redress [was] sought." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (internal quotation marks and citation omitted). Here, Moffett complained that he was receiving inadequate care for his sleep apnea, that his CPAP machine had been discontinued, and that Peters told him the facility could not afford surgery. Those allegations were sufficient to notify the prison of the nature of his concerns. (Garland argues that Moffett's failure to target him specifically was a "fatal defect." But he relies on *Roberts v. Neal*, 745 F.3d 232, 235 (7th Cir. 2014), in which we applied Illinois regulations that, unlike Wisconsin's, require inmates to identify the subject of their complaint. *See* ILL. ADMIN. CODE tit. 20, § 504.810(c).)

Nevertheless, we need not remand for the district court to consider the merits of Moffett's claims against Garland. We can affirm on any basis supported by the record, *see St. Joan Antida High Sch. Inc. v. Milwaukee Pub. Sch. Dist.*, 919 F.3d 1003, 1008 (7th Cir. 2019). Garland remained in the case throughout discovery, so the record is fully developed as to his role. And no reasonable jury could find that Garland was deliberately indifferent to Moffett's medical needs. Moffett blames Garland for failing to recommend surgery to Peters and for neglecting to investigate or report Peters's comment that the facility would not approve sinus surgery because of the cost. But his claims against Garland fail for the same reason as those against Peters: Without any evidence that surgery was necessary, no reasonable jury could infer deliberate indifference from Garland's failure to recommend it (if Garland was even empowered

to do so). *See Cesal*, 851 F.3d at 722. Further, Garland was a medical provider, not Peters's supervisor or a grievance examiner, and Moffett supplies no basis on which a jury could find that Garland was obligated to take action on Moffett's report that another provider commented that surgery was cost-prohibitive (such as by investigating Peters or reporting the comment.) *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[N]o prisoner is entitled to insist that one employee do another's job").

AFFIRMED